RECEIVED

OFFICE OF U.S. DISTRICT JUDGE
BRUCE S. JENKINS

FILED

20 FEB 04 PM 2:16

DISTRICT OF UTAH

BY

Peter W. Billings, A0330
Gary E. Jubber, A1758
Douglas J. Payne, A4113
FABIAN & CLENDENIN,
  A Professional Corporation
215 South State, Suite 1200
P.O. Box 510210
Salt Lake City, Utah  84151
Telephone: (801) 531-8900
Facsimile: (801) 596-2814
Attorneys for Official Committee of
  Unsecured Creditors

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: <br><br> SIMON TRANSPORATION SERVICES INC. and DICK SIMON TRUCKING, INC. <br><br> Debtors. | Bankruptcy No. 02-22906 GEC |
| FREIGHTLINER, LLC, <br><br> Appellant, <br><br> v. <br><br> CENTRAL REFRIGERATED SERVICE, INC. and OFFICIAL COMMITTEE OF UNSECURED CREDITORS, <br><br> Appellees/Cross-Appellants. | District Court Case No. 2:03cv00562 <br> District Court Case No. 2:03cv00563 <br><br> (Consolidated) <br><br> Honorable Bruce S. Jenkins |

**ORDER AFFIRMING BANKRUPTCY COURT'S APRIL 25, 2003 ORDER DENYING MOTION TO RECONSIDER**

299357_1

40

Central Refrigerated Service, Inc. ("Central") and Freightliner, LLC ("Freightliner") have both filed timely appeals from the bankruptcy court's April 25, 2003 Order Denying Motion to Reconsider. The appeals have been consolidated and this Court has jurisdiction pursuant to 28 U.S.C. §158(a).

This appeal arises out of the sale of substantially all of the assets of the debtors to Central orally approved by the bankruptcy court at a hearing on April 8, 2002 and memorialized in an order entered on April 22, 2002. (Order Pursuant to Sections 105(a), 363, 365 and 1146 of the Bankruptcy Code: (A) Authorizing the Sale of Substantially all of the Debtors' Assets to Central Refrigerated Service, Inc. Free and Clear of Liens, Claims, Interests and Encumbrances; (B) Approving the Asset Purchase Agreement; and (C) Granting Related Relief dated April 22, 2002 (Central Appendix ("Central App.") at 2455)). The sale was to an insider since Jerry Moyes owned a controlling interest in both the debtors and Central. (Appeal Brief of Central Refrigerated Service, Inc. at 7; Central Refrigerated's Memorandum in Support of the Debtor's Supplemental Motion to Assume and Assign Certain Executory Contracts in Opposition to Freightliner's Objection Thereto (Central App. at 218-19)). At issue in this appeal is whether certain agreements (referred to by the parties as "Tradeback Agreements") between Dick Simon Trucking, Inc., one of the debtors, and Freightliner were sold to Central as part of the sale. It is undisputed that Freightliner did not get notice of the April 8, 2002 hearing to approve the sale. (Order Denying Motion to Reconsider, at 5). In addition, at oral argument, counsel conceded that Freightliner was not present at the April 8, 2002 hearing.

299357-1

2

On April 9, 2002, the debtors and Central filed a joint motion to assume and assign the executory contracts which Central was purportedly buying as part of the sale orally approved on April 8, 2002. Unlike the notice for the April 8, 2002 hearing, Freightliner was on the service list for this joint motion, but the bankruptcy court, after an evidentiary hearing, ruled that the April 9, 2002 notice to Freightliner did not comply with Rule 7004(b)(3) of the Rules of Bankruptcy Procedure, and thus service to Freightliner was ineffective. Central did not appeal that ruling.

On May 2, 2002, Freightliner, alleging that it had not received adequate notice, filed a motion for reconsideration of the April 22, 2002 order authorizing the sale. On August 27, 2002, Central, Freightliner, the debtors and Unsecured Creditors Committee ("Committee") presented the bankruptcy court with a proposed order which expressly excluded the Tradeback Agreements from the effect of the April 22, 2002 order approving the sale of substantially all of the debtors' assets. Shortly thereafter, Central noticed a hearing on the debtors' Supplemental Motion to Assume and Assign the Tradeback Agreements. After briefing by the parties, the bankruptcy court denied that motion without prejudice and directed the Committee to auction the Tradeback Agreements. Central filed a motion for reconsideration which the bankruptcy court granted. After an evidentiary hearing and briefing, the bankruptcy court issued its April 25, 2004 order denying the motion to reconsider which is the subject matter of this appeal.

This Court affirms bankruptcy court's order on two separate and independent grounds.

First, the purported sale of the Tradeback Agreements was not adequately noticed. Rule 6006(c) of the Rules of Bankruptcy Procedure expressly requires that notice of a motion to assume and assign an executory contract "shall be given to the other party to the contract." Freightliner was not given any notice of the April 8, 2002 hearing at which Central contends the Tradeback Agreements were sold and Freightliner was not given an opportunity to bid on the Tradeback Agreements. Moreover, the bankruptcy court's order approving notice of the sale expressly directed that "all parties to executory contracts" be given notice of the April 8, 2002 hearing. (Central App. at 2448.) Finally, the after-the-fact notice to Freightliner of April 9, 2002 joint motion to assume and assign did not comply with Rule 7004(b)(4). Absent notice, the April 22, 2002 order approving the sale of Tradeback Agreements was overly broad because it failed to take into consideration what the bankruptcy court did not know, namely that no notice was given. Thus, the purported sale of the Tradeback Agreements were simply not the subject of the sale.

Second, there was inadequate disclosure of the Tradeback Agreements prior to the purported sale on April 8, 2002. Among other things, the Tradeback Agreements were not listed in the Debtors' schedules. A sale of substantially all of the debtors' assets, on shortened notice, to an insider places upon the debtor heightened scrutiny to insure that there has been adequate disclosure under the circumstances. The debtors and Central

have not met the burden of showing adequate disclosure. Moreover, even under the lesser standard, the so-called "business judgment" standard, the sale cannot satisfy the requirement that there be "reasonable and adequate notice" to "interested parties."

In sum, there was an evidentiary basis in the record for the Bankruptcy Court to do what it did. The order of the Bankruptcy Court is, therefore, affirmed.

The Court does not reach the question of whether the Tradeback Agreements are executory contracts, that question having been mooted by the Committee's sale of those Agreements to Freightliner. Dated this ___ day of February, 2004.

Bruce S. Jenkins
United States District Court Judge

APPROVED AS TO FORM:

_____
Michael N. Emery
Richards Brandt Miller & Nelson
Attorneys for Central Refrigerated Services, Inc.

_____
J. Thomas Beckett
Parson Behle & Latimer
Attorneys for Freightliner, LLC

299357-1                                    5

```
                                             asp
              United States District Court
                         for the
                     District of Utah
                    February 23, 2004


              * * CERTIFICATE OF SERVICE OF CLERK * *


Re:  2:03-cv-00562



True and correct copies of the attached were either mailed, faxed or e-mailed
by the clerk to the following:


        Mark A. Thornhill, Esq.
        SPENCER FANE BRITT & BROWNE LLP
        1000 WALNUT ST STE 1400
        KANSAS CITY, MO  64106-2140

        Scott J. Goldstein, Esq.
        SPENCER FANE BRITT & BROWNE LLP
        1000 WALNUT ST STE 1400
        KANSAS CITY, MO  64106-2140

        Weston L. Harris, Esq.
        PARSONS KINGHORN HARRIS
        111 E BROADWAY 11TH FL
        SALT LAKE CITY, UT  84111
        EMAIL

        US Trustee
        US TRUSTEE'S OFFICE
        9 EXCHANGE PLACE STE 100
        BOSTON BLDG
        SALT LAKE CITY, UT  84111

        Mr. Mark S Swan, Esq.
        RICHER SWAN & OVERHOLT PC
        901 W BAXTER DR
        SOUTH JORDAN, UT  84095
        EMAIL

        Helene Huff
        US BANKRUPTCY COURT
        ,    84101
        EMAIL

        Mr. Peter W. Billings Jr, Esq.
        FABIAN & CLENDENIN
        215 S STATE STE 1200
        PO BOX 510210
        SALT LAKE CITY, UT  84151
        EMAIL
```

Mr. Michael N Emery, Esq.
RICHARDS BRANDT MILLER & NELSON
50 S MAIN ST STE 700
PO BOX 2465
SALT LAKE CITY, UT  84110
JFAX 9,5325506

James F. Williams, Esq.
PERKINS COIE
1201 THIRD AVE 40TH FL
SEATTLE, WA  98101-3099
EMAIL

James E. Till, Esq.
PERKINS COIE LLP
1211 SW FIFTH AVE STE 1500
PORTLAND, OR  97204

J Thomas Beckett, Esq.
PARSONS BEHLE & LATIMER
201 S MAIN ST STE 1800
PO BOX 45898
SALT LAKE CITY, UT  84145-0898
EMAIL